IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Lester Oglesby, ) | C/A No. 0:10-3042-RMG-PJG |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **REPORT AND RECOMMENDATION** |
| ) | |
| Michael J. Astrue, ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

    This social security matter is before the court for a Report and Recommendation pursuant to Local Civil Rule 83.VII.02 DSC et seq. The plaintiff, Lester Oglesby ("Oglesby"), brought this action pursuant to 42 U.S.C. § 1383(c)(3) to obtain judicial review of a final decision of the defendant, Commissioner of Social Security ("Commissioner"), denying his claims for Supplemental Security Income ("SSI"). Having carefully considered the parties' submissions and the applicable law, the court concludes that the Commissioner's decision should be affirmed.

### ADMINISTRATIVE PROCEEDINGS

    In April 2009, Oglesby applied for SSI. Oglesby's application was denied initially and on reconsideration and he requested a hearing before an administrative law judge ("ALJ"). A hearing was held on March 3, 2010 at which Oglesby appeared and testified and was represented by Richard E. Thompson, Jr., Esquire. After hearing testimony from a vocational expert, the ALJ issued a decision dated May 4, 2010 finding that Oglesby was not disabled. (Tr. 8-14.)

    Oglesby was born in 1956 and was fifty-two years old on the date his application was filed. (Tr. 81.) He has a tenth-grade education and has past relevant work experience as a lawn care

worker and laborer. (Tr. 111, 114.) Oglesby alleges disability since February 1, 2001 due to vision problems. (Tr. 110.)

The ALJ made the following findings and conclusions:

1. The claimant has not engaged in substantial gainful activity since April 20, 2009, the application date (20 CFR 416.971 *et seq*.).

2. The claimant has the following severe impairments: blindness and low vision (20 CFR 416.920(c)).

     \*   \*   \*

3. The claimant does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 416.920(d), 416.925 and 416.926).

     \*   \*   \*

4. After careful consideration of the entire record, I find that the claimant has the residual functional capacity to perform a full range of work at all exertional levels but with the following nonexertional limitations: I find he must avoid exposure to moving machinery/equipment and heights. I also find he must avoid operating vehicles.

     \*   \*   \*

5. The claimant is unable to perform any of his past relevant work (20 CFR 416.965).

     \*   \*   \*

6. The claimant was born on [REDACTED], 1956 and was 52 years old, which is defined as an individual closely approaching advanced age, on the date the application was filed (20 CFR 416.963).

7. The claimant has a limited education and is able to communicate in English (20 CFR 416.964).

8. Transferability of job skills is not an issue in this case because the claimant's past relevant work is unskilled (20 CFR 416.968).

9. Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 CFR 416.969 and 416.969(a)).

     \*   \*   \*

10. The claimant has not been under a disability, as defined in the Social Security Act, since April 20, 2009, the date the application was filed (20 CFR 416.920(g)).

(Tr. 10-13.)

Oglesby filed a request for Appeals Council review which was denied on October 7, 2010, making the decision of the ALJ the final action of the Commissioner. (Tr. 1-3.) This action followed.

## SOCIAL SECURITY DISABILITY GENERALLY

Under 42 U.S.C. § 1382c(a)(3)(H)(i), as well as pursuant to the regulations formulated by the Commissioner, the plaintiff has the burden of proving disability, which is defined as an "inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 20 C.F.R. § 416.905(a); see also Blalock v. Richardson, 483 F.2d 773 (4th Cir. 1973). The regulations require the ALJ to consider, in sequence:

(1) whether the claimant is engaged in substantial gainful activity;

(2) whether the claimant has a "severe" impairment;

(3) whether the claimant has an impairment that meets or equals the requirements of an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 ("the Listings"), and is thus presumptively disabled;

(4) whether the claimant can perform his past relevant work; and

(5) whether the claimant's impairments prevent him from doing any other kind of work.

20 C.F.R. § 416.920(a)(4). If the ALJ can make a determination that a claimant is or is not disabled at any point in this process, review does not proceed to the next step. Id.

Under this analysis, a claimant has the initial burden of showing that he is unable to return to his past relevant work because of his impairments. Once the claimant establishes a *prima facie* case of disability, the burden shifts to the Commissioner. To satisfy this burden, the Commissioner must establish that the claimant has the residual functional capacity, considering the claimant's age,

education, work experience, and impairments, to perform alternative jobs that exist in the national economy. 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(A)-(B); see also McLain v. Schweiker, 715 F.2d 866, 868-69 (4th Cir. 1983); Hall v. Harris, 658 F.2d 260, 264-65 (4th Cir. 1981); Wilson v. Califano, 617 F.2d 1050, 1053 (4th Cir. 1980). The Commissioner may carry this burden by obtaining testimony from a vocational expert. Grant v. Schweiker, 699 F.2d 189, 192 (4th Cir. 1983).

## STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), the court may review the Commissioner's denial of benefits. However, this review is limited to considering whether the Commissioner's findings "are supported by substantial evidence and were reached through application of the correct legal standard." Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996); see also 42 U.S.C. § 405(g); Coffman v. Bowen, 829 F.2d 514, 517 (4th Cir. 1987). Thus, the court may review only whether the Commissioner's decision is supported by substantial evidence and whether the correct law was applied. See Myers v. Califano, 611 F.2d 980, 982 (4th Cir. 1980). "Substantial evidence" means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion; it consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance." Craig, 76 F.3d at 589. In reviewing the evidence, the court may not "undertake to re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the [Commissioner]." Id. Accordingly, even if the court disagrees with the Commissioner's decision, the court must uphold it if it is supported by substantial evidence. Blalock, 483 F.2d at 775.

## ISSUES

Oglesby asserts that the Administrative Law Judge's decision is not supported by substantial evidence. (Pl.'s Br. at 2, ECF No. 12 at 2.)



## DISCUSSION

As stated above, Oglesby's allegations of disability stem solely from his vision problems. On appeal, Oglesby appears to argue that the ALJ's opinion is not supported by substantial evidence based on an opinion from Dr. Boris A. P. Ilg and the ALJ's alleged failure to address counsel's cross-examination of the vocational expert.

**A.     Dr. Ilg**

The record reveals that Dr. Ilg issued an opinion dated December 9, 2009 at the request of Oglesby's counsel concerning his visual impairment. (Tr. 166.) Dr. Ilg indicated that Oglesby's vision in his right eye—his only seeing eye—was 20/100-2 and was correctable to 20/100-1. Further, Dr. Ilg stated that Oglesby's vision dropped to 20/400 with glare, which he stated would indicate Oglesby's vision under real world circumstances. After discussing the problems concerning Oglesby's right eye, Dr. Ilg opined that Oglesby did not quite meet the criteria for Listing 2.02 at this time; however, he stated that Oglesby was "extremely close" to meeting the Listing and would "likely meet them within a very short time." (Id.) It appears that counsel requested Dr. Ilg to indicate whether Oglesby would be able to work on a full-time basis with this impairment, to which Dr. Ilg responded:

> I cannot fully answer this, as different people function with different levels of vision. There are people with no vision at all who do a full time job that has been catered to their needs. However, I feel Mr. Oglesby will have difficulty performing most if not all full or part-time jobs unless significant allowances are made for his vision and increased needs due to his visual impairment.

(Id.)

The ALJ stated that he gave great weight to Dr. Ilg's opinion that Oglesby would require allowances for his vision and increased need. The ALJ found this opinion to be consistent with the medical limitations in Oglesby's residual functional capacity ("RFC"). (Tr. 12.) As stated above,



the ALJ found that Oglesby retained the RFC "to perform a full range of work at all exertional levels but with the following nonexertional limitations: I find he must avoid exposure to moving machinery/equipment and heights. I also find he must avoid operating vehicles." (Tr. 11.) Oglesby does not appear to challenge the weight the ALJ assigned to Dr. Ilg's opinion; rather, Oglesby appears to argue that Dr. Ilg opined that Oglesby would have difficulty working without *significant* allowances and that the ALJ failed to include significant allowances in Oglesby's RFC.

As an initial matter, to the extent that Oglesby's argument may be construed to ask the court to re-weigh or interpret Dr. Ilg's opinion, the court notes that the proper standard of review in this matter is whether the ALJ's findings are supported by substantial evidence or reached through an incorrect application of the law. As stated above, the court may not "undertake to re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the [Commissioner]." Craig, 76 F.3d at 589.

In considering whether the ALJ's findings regarding Dr. Ilg's opinion are supported by substantial evidence, the court observes that Dr. Ilg's opinion does not include any explanation of what would constitute significant allowances. Moreover, it is clear that the ALJ considered Dr. Ilg's opinion and stated that he found Dr. Ilg's opinion to be consistent with the ALJ's RFC findings. Additionally, the other evidence of record reveals that Dr. Leland H. Bowen examined Oglesby and opined that Oglesby's vision would limit his ability to drive any vehicle, a limitation which the ALJ included in Oglesby's RFC. (Tr. 173, 12.) Further, a state agency medical consultant opined that Oglesby must avoid all exposure to hazards (machinery, heights, etc.), an opinion to which the ALJ gave some weight and limited Oglesby's exposure to moving machinery/equipment and heights. (Tr. 161, 12.) Although Oglesby may speculate that Dr. Ilg's opinion warranted additional allowances for his visual impairments, upon review of the ALJ's decision and the evidence of record, the court

finds that Oglesby has failed to demonstrate that the ALJ's conclusions are unsupported by substantial evidence. See Craig, 76 F.3d at 589; Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990) (holding that it is the ALJ's responsibility, not the court's, to determine the weight of evidence and resolve conflicts of evidence); see also 20 C.F.R. § 404.1527(d) (discussing the factors that are considered in weighing medical opinions); SSR 96-6p (stating that "[s]tate agency medical and psychological consultants are highly qualified physicians and psychologists who are experts in the evaluation of the medical issues in disability claims under the Act"); Smith v. Schweiker, 795 F.2d 343, 345-46 (4th Cir. 1986) (stating that the opinion of a non-examining physician can constitute substantial evidence to support the decision of the Commissioner).

Similarly, to the extent that Oglesby argues that the ALJ erred in evaluating Oglesby's credibility based on Oglesby's assertion that Dr. Ilg's opinion supports a finding of disability, the court finds that Oglesby has failed to demonstrate that the ALJ's credibility analysis is unsupported by substantial evidence. See Craig v. Chater, 76 F.3d 585, 594-95 (4th Cir. 1996) (discussing the two-step process applied to evaluate an individual's allegations of disabling pain or other symptoms).

**B.     Vocational Expert**

Oglesby next argues that the ALJ's opinion is not supported by substantial evidence because he failed to address the cross-examination of the vocational expert by Oglesby's counsel. The vocational expert testified that Oglesby could not perform any of his past relevant work. In response to the ALJ's hypothetical question, the vocational expert responded that such an individual would be able to perform the following jobs: laundry industry, medium extertional capacity; janitor, light extertional capacity; and entry level bench worker. (Tr. 51-52.) The ALJ found that the vocational expert's testimony was consistent with the Dictionary of Occupational Titles and that based on his

testimony, jobs existed in significant numbers in the national economy that Oglesby could perform. (Tr. 13.)

Oglesby asserts that during cross-examination, he pointed out issues with each of the jobs named by the vocational expert. Specifically, Oglesby argues that although the hypothetical question stated that he could not be around moving machinery, the vocational expert testified that such an individual could work around laundry equipment and numbers of washing machines. Further, the janitorial job would require emptying trash cans, which Oglesby argues would require visual perception. With regard to the entry level bench worker, Oglesby argues that the vocational expert admitted that this job would be performed on an assembly line or moving conveyance, requiring a worker to see well enough to place objects on the moving equipment. (Pl.'s Br. at 7, ECF No. 12 at 7.)

A review of this testimony reveals that the vocational expert testified that the laundry job would require an individual to load washing machines that are either front-loaders or top-loaders and that he would be either loading a machine or preparing to load the next machine. (Tr. 53-54.) Further, the vocational expert stated that the janitorial job was a routine job and stated that it was possible that some of the trash could be spilled onto the floor. (Tr. 54.) Finally, with regard to the entry level line work, the vocational expert testified that an example of this job would be in a factory where the business makes blinds and the worker places one wood slat after another on the line right in front of them in the same position. The vocational expert stated that he limited the number of available jobs accordingly and that the job on this line would not be a dangerous job. (Tr. 54-55.) During re-examination, the ALJ clarified that when he stated no moving equipment in his hypothetical, he interpreted that to mean hazardous to an employee and asked if that changed any of the vocational expert's testimony. The vocational expert affirmed that it did not change his

testimony and reiterated that because of that limitation the vocational expert limited the number of jobs available. (Tr. 56.)

Upon review of the entirety of the vocational expert's testimony and the ALJ's decision, the court finds that Oglesby has failed to demonstrate that the ALJ's decision to accept the vocational expert's testimony was not supported by substantial evidence or controlled by an error of law. Moreover, to the extent that Oglesby's argument depends on including additional limitations in the hypothetical question, for the reasons stated above, Oglesby has failed to demonstrate that the RFC analysis and therefore the hypothetical question were not supported by substantial evidence. See Rutherford v. Barnhart, 399 F.3d 546, 554 (3d Cir. 2005) (noting that "the ALJ must accurately convey to the vocational expert all of a claimant's *credibly established limitations*") (emphasis in original); English v. Shalala, 10 F.3d 1080, 1085 (4th Cir. 1993) ("In questioning a vocational expert in a social security disability insurance hearing, the ALJ must propound hypothetical questions to the expert that are based upon a consideration of all relevant evidence of record of the claimant's impairment.").

## RECOMMENDATION

For the foregoing reasons, the court finds that Oglesby has not shown that the Commissioner's decision was unsupported by substantial evidence or reached through application of an incorrect legal standard. See Craig, 76 F.3d at 589; see also 42 U.S.C. § 405(g); Coffman, 829 F.2d at 517. The court therefore recommends that the Commissioner's decision be affirmed.

*[signature: Paige J. Gossett]*
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

October 4, 2011
Columbia, South Carolina.

*The parties' attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).